**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| -vs- | ) | NO.  25 CR 608 |
| | ) | |
| ROY COLLINS and | ) | |
| JOCELYNE ROBLEDO | ) | Judge Gabriel A. Fuentes |
| Defendants. | ) | |

## MOTION FOR REVOCATION OF DETENTION ORDER

The Defendant, ROY COLLINS, through his attorney, Richard Kling, moves this Court pursuant to 18 U.S.C. §3145(b) for revocation of the pretrial detention order entered by the Court on Sept. 29th, 2025.  In support of this motion, the Defendant states as follows:

1. Mr. Collins had an initial appearance and detention hearing in Court on Sept. 29th, 2025, following the lodging of a criminal complaint alleging that Mr. Collins forcibly impeded ATF and CBP agents while those agents were in engaged in the performance of their official duties, and in doing so, made contact with the agents in violation of 18 U.S.C. § 111(a)(1) .  (*See attached* Exhibit A- Criminal Complaint).

2. The allegations stem from an Anti-ICE demonstration occurring in the early morning hours of Sept. 28th, 2025, in Broadview, Illinois.

3. Mr. Collins attended the demonstration with his fiancé and co-defendant, Jocelyn Robledo.

4. According to the complaint, Ms. Robledo was detained by federal agents for obstructing their path when they attempted to expand their security perimeter in the face of demonstrators.

1

5. Upon seeing his fiancé being detained, Mr. Collins rushed towards the agents yelling at them "to get away from his wife." (*See* Exhibit A- Criminal Complaint p. 4 pp. 8c)

6. Agents then attempted to restrain Mr. Collins, with Mr. Collins allegedly resisting, which subsequently led to the purported physical injury of the thumb of an ATF Special Agent.

7. After being restrained, Mr. Collins and Ms. Robledo were both found to each have a loaded firearm on their person.

8. The Second Amendment guarantees the rights of Mr. Collins and Ms. Robledo to gun ownership.

9. It is undisputed that Mr. Collins and Ms. Robledo lawfully possessed their firearms with both having valid FOID cards and CCL permits.

10. The complaint does not allege that Mr. Collins or Ms. Robledo ever brandished or threatened usage of their firearms during the demonstration.

11. The criminal complaint does not allege any weapons violations by Mr. Collins or Ms. Robledo.

12. Regardless, at the detention hearing, the Court held that no condition or combination of conditions of pretrial release could reasonably ensure the safety of the community and Mr. Collins was ordered into pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(A).

13. The Court expressed concern that federal operations would be ongoing and would likely encounter future protests, and that only pretrial detention would ensure the safety of the community in that Mr. Collins would not be able to attend a future protest with a firearm- despite the fact that his firearm had been confiscated.

2

14. The Court found Mr. Collins to be a threat to the safety of the community despite Mr. Collins having no criminal background, was lawfully carrying his firearm, and never threatened or brandished the firearm during the protest.

15. The Court held that Mr. Collins would have posed a future threat if given pretrial release despite the fact that Mr. Collins would have surrendered his FOID card and firearms as a condition of pretrial release.

16. The Court found that no conditions of pre-trial release, which could have included electronic monitoring and orders to avoid any future protests, would negate any safety concerns.

17. Mr. Collins does not pose any risk to the safety of the community that could not be addressed by the Court using a less restrictive combination of conditions regarding pretrial release.

18. Mr. Collins seeks revocation of his detention order, or in the alternative, moves this Court for a new detention hearing.


WHEREFORE, Defendant, Roy Collins, respectfully requests this Honorable Court for revocation of his detention order, or in the alternative, grant a new detention hearing for the above mentioned reasons.


Respectfully submitted,

*/s/ Richard S. Kling*

RICHARD S. KLING
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(312) 906-5075
rkling@illinoistech.edu

ED MESSMER
Staff Attorney
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(301) 915-7705
emessmer@kentlaw.iit.edu