# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **United States of America** ) | |
| Plaintiff(s), ) | |
| ) | Case No: 1:25-cr-608-1 |
| v. ) | Magistrate Judge Gabriel A. Fuentes |
| ) | |
| **Ray Collins** ) | |
| Defendant(s), ) | |

## ORDER

Initial appearance held. Defendant Ray Collins appears in response to an arrest on 9/27/25. Based on review of the tendered financial affidavit, the Court finds that Defendant is unable to afford counsel. Enter Order appointing Attorney Richard Kling of the CJA Panel as counsel for Defendant. Defendant advised of charges and informed of his rights and of prosecutorial obligations per Rule 5(d) and (f). The Government moves orally for detention and proffers that a detention hearing must be held per 18 U.S.C. Section 3142(f)(1)(A). Without objection and for the reasons stated on the record, the Court finds that a detention hearing may be held based on the government's proffer. Parties agreed to proceed with the detention hearing. Detention hearing held. The government and defendant presented their arguments. For the reasons stated on the record and upon consultation with Pretrial Services, the Government's oral motion for pretrial detention is granted. This ruling is based on the Court's finding that the government met its burden at the detention hearing of establishing by clear and convincing evidence that no release conditions or set of conditions will reasonably assure community safety. Enter Detention Order. The defendant does not waive preliminary hearing at this time. Preliminary hearing is set for 9:00 a.m. on 10/8/25 in Courtroom 1342. Defendant is remanded into the custody of the U.S. Marshals Service pending further order of Court. The Court makes a request for defense counsel to the BOP and USMS for the defendant to be housed at MCC pending his preliminary hearing. In addition, at defense counsel's suggestion, the government made an oral motion for exclusion of time under the Speedy Trial Act, whereupon the defense objected. The defense's point about wanting a speedy trial is made, but on review of 18 U.S.C. Section 3161(c)(1), the 70-day period within which the government statutorily must bring the case to trial, absent a judicially approved exclusion of time, runs from the entry of a plea of not guilty to an information or indictment or from the defendant's appearance before a judicial officer of the court in which "such charge" is pending, and "such charge" means a charge lodged by information or indictment. Accordingly, the motion to exclude time is denied because the statute does not allow for an exclusion of time from a time frame that has yet to begin running. Any party who sees it differently should raise the issue immediately with the district judge upon assignment, in the event this case is charged by information or indictment.

Date: 9/29/2025

/s/ *[signature]*
Gabriel A. Fuentes
United States Magistrate Judge